UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARLY CONEY,

    Plaintiff,

v.                                                Case No. 8:21-cv-2854-CEH-CPT

JASON FOWLER, G. NELSEN,
MARK BUSWELL, W. HARVESTER,
JAMES BRADFORD, and RICK A. LOTT,

    Defendants.
_____/

**O R D E R**

Before the Court is the Defendants' *Amended Motion for More Definite Statement*. (Doc. 12). For the reasons discussed below, the Defendants' motion is granted.

I.

Plaintiff Early Coney, proceeding *pro se*, initiated this action against four officers of the Plant City Police Department (PCPD)—Defendants Jason Fowler, W. Harvester, G. Nelsen, and Mark Buswell—as well as the PCPD's Chief of Police, James Bradford, and the Mayor of Plant City, Rick Lott.[1] (Doc. 1-1). While not entirely clear, Coney's complaint appears to stem from a traffic incident and his subsequent arrest for driving with a suspended license carried out by the four named

---

[1] The instant motion is filed by all the Defendants except for officer Buswell (Doc. 12), who appears not to have been served with the complaint at this point.

officers. *Id.* Coney avers that, in connection with his arrest, some or all of these officers unlawfully searched his vehicle, removed money and other property from it, and then impounded it. *Id.* Coney further avers that he was later unjustly tried for a capital felony and wrongfully incarcerated.[2] *Id.*

Based on these and other allegations, Coney seemingly asserts claims for violations of (1) 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments; (2) the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq.*, as well as Florida's corresponding RICO statute, Fla. Stat. §§ 772.102 and 772.103; and (3) Florida Statutes §§ 914.22 and 918.13, which prohibit—respectively—tampering with or harassing a witness and fabricating physical evidence. *Id.* Coney also generally asserts that Chief Bradford and Mayor Lott failed to train and/or supervise PCPD's officers, including Fowler, Harvester, Nelsen, and Buswell. *Id.*

By way of their instant motion, the Defendants seek a more definite statement pursuant to Federal Rule of Civil Procedure 12. (Doc. 12). Coney has not filed a response to the Defendants' motion, and the time for doing so has elapsed. *See* M.D. Fla. R. 3.01(c). As such, the Court deems the motion to be unopposed. *Id.*

II.

Rule 12 authorizes a motion for a more definite statement where a complaint "is so vague or ambiguous that [a] party cannot reasonably prepare a response" to it.

---

[2] According to the Defendants, the traffic accident to which Coney refers in his complaint resulted in a fatality. (Doc. 12 at 1).

2

Fed. R. Civ. P. 12(e).  In resolving such motions, courts may look to the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10 to inform their analysis.  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Palma Vista Condo. Assoc. of Hillsborough Cnty., Inc. v. Nationwide Mut. Fire Ins. Co.*, 2010 WL 2293265, at *1 (M.D. Fla. June 7, 2010) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).[3]  The Court finds it appropriate to do so here.

Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint."  *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016).  It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" if doing so "would promote clarity."  Fed. R. Civ. P. 10(b).  Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

---

[3] The Eleventh Circuit, in its *en banc* decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

Among the types of complaints that run afoul of Rules 8 and 10 are those sometimes referred to as "shotgun pleadings." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Such complaints generally suffer from one or more of the following defects: (1) they contain "multiple counts where each count adopts the allegations of all preceding counts;" (2) they are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) they do not "separat[e] into a different count each cause of action or claim for relief;" and (4) they "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1321–23. The Eleventh Circuit has instructed that a motion for more definite statement is an appropriate vehicle for challenging a shotgun pleading. *Id.* at 1321 n.10.

Coney's complaint does not satisfy the pleading requirements set forth in Rules 8 and 10 and also amounts to a shotgun pleading. To begin, the complaint consists of a disjointed and mostly repetitive exposition of facts, legal conclusions, and legal arguments (Doc. 1-1) and can hardly be said to constitute the type of "short and plain statement" mandated by Rule 8. Moreover, the bulk of the allegations contained in the complaint are not set forth in numbered paragraphs and are not separated into counts for each of the causes of action alleged. *Id.* Further, while Coney arguably does delineate two counts—one against officers Fowler, Nelsen, Buswell, and Harvester and the other against Chief Bradford and Mayor Lott—neither is limited to a "claim founded on a separate transaction or occurrence." Fed. R. Civ. P. 10(b);

*Weiland*, 792 F.3d at 1322. Instead, each count includes references to the numerous violations of federal and Florida law listed above, as well as to other bad acts purportedly committed by the Defendants. (Doc. 1-1).

In addition to these infirmities, Coney does not adequately describe in his complaint the conduct engaged in by each Defendant which underlies each of the averred constitutional and statutory violations. *Weiland*, 792 F.3d at 1323. It is therefore unclear which assertions within his complaint pertain to which claim and to which Defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted); *Weiland*, 792 F.3d at 1323 (finding that a complaint is subject to dismissal where it "assert[s] multiple claims against multiple defendants without specifying . . . which of the defendants the claim is brought against").

Lastly, Coney's complaint is rife with conclusory, vague, and immaterial facts that "leav[e] the reader to guess at precisely what [Coney is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)); *see also Weiland*, 792 F.3d at 1320. By way of example, Coney recites what seem to be excerpts from cases related to law enforcement's impounding and searching of vehicles and also appears at times simply to parrot the elements of the federal and Florida RICO statutes, without providing any meaningful factual support. *Id.*

Viewed singularly or in combination, these deficiencies deprive the Defendants and the Court of "fair notice" regarding the nature of the claims brought against the

Defendants and the "grounds" upon which they are predicated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Weiland*, 792 F.3d at 1323 (observing that the "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (per curiam) ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The fact that Coney is proceeding *pro se* does not excuse his failure to comply with the basic pleading standards imposed by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

III.

In light of the above, it is hereby ORDERED:

1. The Defendants' *Amended Motion for More Definite Statement* (Doc. 12) is granted.

2. **NO LATER THAN FEBRUARY 25, 2022**, Coney shall file an amended complaint, which cures the deficiencies discussed herein and which

6

<u>otherwise satisfies the applicable requirements in the Federal Rules of Civil Procedure and the Court's Local Rules</u>.  Coney is cautioned that a failure to comply with this directive may result in the Court striking his complaint.  Fed. R. Civ. P. 12(e).

3. Before filing an amended complaint, however, Coney is encouraged to take advantage of the legal assistance available to *pro se* parties in this District.  Coney may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.  In addition, Coney may visit the Middle District of Florida's resources for individuals without counsel, which include a "Guide for Proceeding Without a Lawyer."  The Court's website also includes helpful links to both the Federal Rules of Civil Procedure and various forms for litigants to use.

SO ORDERED in Tampa, Florida, this 3rd day of February 2022.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
*Pro se* Plaintiff